UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COMPREHENSIVE BEHAVIORAL CARE, INC., | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:12CV1371 JCH ) |
| ALLIANCE FOR COMMUNITY HEALTH, LLC d/b/a MOLINA HEALTHCARE OF MISSOURI, | ) ) ) ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Alliance for Community Health, LLC's Separate and Independent Motions to (1) Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) and 12(b)(1) or, in the Alternative, (2) Compel Arbitration and Dismiss or Stay Litigation Pursuant to 9 U.S.C. §§ 3-4 ("Motion to Dismiss" and "Motion to Compel"), filed on August 24, 2012.[1] These motions are fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Comprehensive Behavioral Care, Inc. ("Plaintiff" or "CompCare") is engaged in the business of arranging for the provision of managed behavioral healthcare services on behalf of private and governmental health insurance plans with which it contracts to provide such services. (Complaint, ECF No. 1, ¶ 1). Defendant Alliance for Community Health, LLC ("Defendant" or

---

[1]The Court notes that Defendant has also filed an unopposed Request for Judicial Notice (ECF No. 18) of Plaintiff's Complaint and all documents attached thereto, which the Court will grant.  Accordingly, all of these documents are before the Court in its consideration of Defendant's Motion to Dismiss and Motion to Stay.

"Molina") is engaged in the business of arranging for the provision of certain healthcare services to its members pursuant to contracts with various governmental health programs. (Id., ¶ 2).

In 2010, Plaintiff contracted with Defendant to provide behavioral health services, claims processing, and payment services to Defendant for the benefit of Defendant's members. (Id., ¶ 5). On March 2, 2012, Defendant filed a Demand with the American Arbitration Association claiming that Plaintiff had committed multiple material breaches of the parties' written agreement and had damaged Defendant in the amount of $2 million. (Id., ¶ 17). Defendant demanded that Plaintiff arbitrate Defendant's claims in St. Louis, Missouri, pursuant to the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). (Id.).

According to Defendant, Plaintiff failed to pay claims from Missouri behavioral health providers. (Defendant's Memorandum in Support of Defendant's Motion to Dismiss, and in Support of Defendant's Motion in the Alternative to Compel Arbitration and Stay or Dismiss Litigation ("Memo in Support"), ECF No. 16, p. 7). In response to Plaintiff's alleged failure to perform under the terms of the parties' agreement, Defendant revoked all duties delegated to Plaintiff effective November 30, 2011. (Id.).

The agreement between Plaintiff and Defendant provides as follows:

**PROVIDER SERVICES AGREEMENT**

This Provider Services Agreement ("Agreement") is entered into by and between ALLIANCE FOR COMMUNITY HEALTH, LLC dba Molina Healthcare of Missouri ("Health Plan"), and Comprehensive Behavioral Care, Inc., a Nevada corporation ("CompCare").

**RECITALS**

...

D.   Health Plan and CompCare desire to enter into an Agreement whereby CompCare shall administer the provision of certain behavioral healthcare and substance abuse services to Members upon the conditions set forth below.

(Provider Services Agreement ("Agreement"), ECF No. 18-1, p. 16).

The Agreement also provided as follows:

**ARTICLE FIVE - GENERAL PROVISIONS**

...

5.8   **Arbitration**.  Any claim or controversy arising out of or in connection with this Agreement shall be resolved, to the extent possible, within forty-five (45) days through informal meetings and discussions between appropriate representatives of the parties.  Any remaining claim or controversy shall be resolved through binding arbitration conducted by a single arbitrator in accordance with the American Arbitration Association (hereinafter "AAA") Commercial Arbitration Rules, then in effect, in St. Louis, Missouri; provided, however, matters that primarily involve CompCare's professional competence or conduct shall not be eligible for arbitration....

(Id., p. 33).

Rule R-7 of the AAA Commercial Arbitration Rules provides as follows:

R-7. Jurisdiction

(a)   The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

(b)   The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part.  Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract.  A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

(c)   A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection.  The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

(Memo in Support, pp. 12-13).

Plaintiff filed this action in this Court on August 1, 2012, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff's Complaint contains two counts: Count I - tortious interference

with business relations and Count II - claim for relief from arbitration. Plaintiff's tortious interference claim asserts that, prior to Defendant's termination of the parties' agreement, Defendant approached Plaintiff's providers about entering into business relationships with Defendant to provide the services contemplated by the parties' agreement, thus cutting Plaintiff out of that business. (Complaint, ¶ 6). Plaintiff's claim for relief from arbitration asserts that Defendant's claims in the underlying arbitration are an attempt to assert claims on behalf of third-party medical service providers, and that Defendant's claims are excluded by the exception in the arbitration clause in the parties' agreement. (Id., ¶¶

As noted above, Defendant filed its Motion to Dismiss and Motion to Compel on August 24, 2012, alleging that Plaintiff's Complaint fails to state a claim upon which relief can be granted or, in the alternative, that Plaintiff should be compelled to bring all claims against Defendant in Defendant's pending arbitration proceeding.

## DISCUSSION

Defendant argues Plaintiff's Complaint fails to state a claim upon which relief can be granted and that the Court lacks jurisdiction to hear Plaintiff's claims. Defendant also argues that Plaintiff is required to bring all claims, and to otherwise participate, in Defendant's pending arbitration proceeding. Since the Court finds Defendant's Motion to Compel disposes of this matter, the Court will address Defendant's Motion to Compel first.

Section 2 of the Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." AT & T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1745 (2011) (citations omitted). In line with these principles,

courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms. Id. "The final phrase of § 2, however, permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Id. at 1746.

In determining whether to compel arbitration, the Court must determine whether (1) a valid agreement to arbitrate exists between the parties, and (2) the specific dispute is within the scope of that agreement. Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004). Both parties acknowledge that an agreement to arbitrate exists. The only question is whether it covers this dispute. "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers of Am., AFL-CIO-CLC v. Duluth Clinic, Ltd., 413 F.3d 786, 788 (8th Cir. 2005) (citing United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)).

In determining whether the parties intended a dispute to be subject to an arbitration agreement, a court must make two determinations: first, whether the clause is broad or narrow in scope; and second, if the clause is narrow, whether the dispute is collateral to the agreement containing the arbitration clause. Fleet Tire Serv. of N. Little Rock v. Oliver Rubber Co., 118 F.3d 619, 621 (8th Cir. 1997). "A 'collateral' agreement is a separate, side agreement, connected with the principal contract which contains the arbitration clause. The burden is on the party resisting arbitration to demonstrate that the disputed issue is collateral." Duluth Clinic, 413 F.3d at 789 (quoting Prudential Lines, Inc. v. Exxon Corp., 704 F.2d 59, 64 (2d Cir. 1983)).

Here, the Court finds it need not determine whether the arbitration clause at issue is broad or narrow in scope, as the Court cannot state with positive assurance that the arbitration clause is not susceptible of an interpretation that covers Plaintiff's claims. See Duluth Clinic, 413 F.3d at 788. The clause at issue here provides that "[a]ny claim or controversy arising out of or in connection with" the underlying agreement is subject to arbitration, subject to an exception for "matters that primarily involve CompCare's professional competence or conduct."[2] As noted above, Plaintiff's claims in this lawsuit are for tortious interference with business relations and relief from arbitration. In order to determine whether a claim is arbitrable, however, a court evaluates the factual underpinnings of the complaint rather than merely considering the labels attached to each of the causes of action it contains. Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc., 567 F.ed 1191, 1197 (10th Cir. 2009). Plaintiff alleges Defendant circumvented the parties' agreement by attempting to contract directly with Plaintiff's providers, and Plaintiff also alleges Defendant's claims that Plaintiff failed to perform under the parties' agreement are not arbitrable. Looking at the "factual underpinnings" of these allegations, the Court cannot say that these allegations do not

---

[2]Plaintiff argues that since the parties' arbitration clause carves out certain claims from arbitration, it must be considered narrow in scope. While the Court does not address whether the arbitration clause at issue is broad or narrow, the Court finds this argument unpersuasive. "Excluding certain categories of disputes from arbitration is not alone dispositive of whether the clause is broad or narrow, but it is indicative of an agreement to limit arbitration to specific disputes." Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc., 567 F.3d 1191, 1197 n.4 (10th Cir. 2009). The Second Circuit Court of Appeals also has noted as follows:

> In the end, a court must determine whether, on the one hand, the language of the clause, taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause, or if, on the other hand, arbitration was designed to play a more limited role in any future dispute.

Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 225 (2d Cir. 2001).

"aris[e] out of or in connection with" the underlying agreement between the parties. Additionally, the Court cannot say that these allegations fall within the exception to the arbitration clause for matters "primarily involv[ing] CompCare's professional competence or conduct." Therefore, the Court will grant Defendant's Motion to Compel and will stay this action while the parties engage in arbitration.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Separate and Independent Motions to (1) Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) and 12(b)(1) or, in the Alternative, (2) Compel Arbitration and Dismiss or Stay Litigation Pursuant to 9 U.S.C. §§ 3-4 are **GRANTED** in part, and the parties are ordered to participate in Defendant's currently pending arbitration proceeding. Defendant's Motions are **DENIED** without prejudice in all other respects.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the completion of the arbitration proceeding. The parties shall jointly submit a notice updating the Court on the status of this case no later than ten (10) days following the completion of arbitration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes pending completion of the arbitration.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 13) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's request for hearing and/or oral argument is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Request for Judicial Notice (ECF No. 18) is **GRANTED**.

- 8 -

Dated this 27th day of November, 2012.

                                               /s/Jean C. Hamilton
                                               UNITED STATES DISTRICT JUDGE